# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>LUIS CALDERON-RODRIGUEZ,<br><br>**Defendant.** | **CRIMINAL NO.** 11-242 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On September 12, 2011, the government filed a motion *in limine* to preclude allegations of entrapment and jury nullification during defendant's opening statements. (Docket No. 22.) On September 17, 2011, the defendant filed an opposition. (Docket No. 39.) The Court **DENIES** the government's motion *in limine*.

The government maintains that the defendant cannot meet the burden of production as to the two elements comprising an entrapment defense, and accordingly should be denied the opportunity to argue for the entrapment defense during his opening statement. The two elements are as follows: "(1) government inducement of the accused to engage in criminal conduct, and (2) the accused's lack of predisposition to engage in such conduct." United States v. Sanchez-Berrios, 424 F.3d 65, 76 (1st

Cir. 2005) (quoting United States v. Rodriguez, 858 F.2d 809, 812 (1st Cir. 1988)).  Only when the defendant has satisfied his "entry-level burden of production as to both elements", does the burden shift to the government to prove beyond a reasonable doubt that no entrapment occurred.  Id.  Moreover, the defendant is entitled to a jury instruction on his entrapment defense only if he carries this entry-level burden.  Id. (affirming district court's refusal to grant an entrapment instruction because appellant "provided no evidence of improper inducement adequate to satisfy his entry-level burden of production.")  It is clear that the defendant bears the burden to prove the two elements of entrapment by providing evidence, through witness testimony or otherwise, at trial.  The government asks the Court effectively to preclude defendant from even attempting to prove this burden, by preventing his counsel from raising the merits of an entrapment defense in his opening statement.  The Court sees no reason why defense counsel should be barred from alerting the jury to a defense of entrapment in his opening statement.  See United States v. Van Horn, 277 F.3d 48, 52 (1st Cir. 2002).  The defendant must carry his burden, however, to prove the two entrapment elements through evidence presented during trial in order to receive an entrapment instruction from the judge.  If the defendant decides to raise the

entrapment defense during his opening statement and pursues the defense, the government will have the opportunity to rebut it. See United States v. Hicks, 635 F.3d 1063, 1072 (7th Cir. 2011) (quoting United States v. Goodapple, 958 F.2d 1402, 1407 (7th Cir. 1992) (affirming that the government may present evidence of defendant's predisposition to commit a crime only once an "entrapment defense is clearly raised in the defense's opening statement and the entrapment defense obviously materializes through a defendant's presentation of its own witnesses or through cross-examination of the government's witnesses.")  If the defendant raises the entrapment defense in his opening statement, he does so at his own risk.  If he is unable to materialize the defense during the trial, the Court will not give an entrapment instruction at the end of the evidence presentation.  For the reasons stated, the government's motion *in limine* to preclude allegations of entrapment during defendant's opening statements is **DENIED.**

The government also moves this Court to preclude the defense "from raising arguments generally related to jury nullification." (Docket No. 22 at 6.)  The Court will address the arguments raised by defense counsel and the corresponding objections raised by the government on a case-by-case basis.  Suffice it to say, however, that to the extent defense counsel chooses to encourage jurors to

Criminal No. 10-232 (FAB)                                                4

nullify the law, the Court will step in and "block defense attorneys' attempts to serenade a jury with the siren song of nullification." <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1190 (1st Cir. 1993). The government's motion for an explicit preclusion of certain arguments the defense may make during opening arguments is **DENIED**.

    **IT IS SO ORDERED**.

San Juan, Puerto Rico, September 19, 2011.

                                       <u>s/ Francisco A. Besosa</u>
                                       FRANCISCO A. BESOSA
                                       United States District Judge